## VENABLE v. RICHARDS.

1. Section 643 of the Revised Statutes, providing for removal from State courts of civil suits against revenue officers, is not superseded by the act of March 3, 1875, c. 137.
2. The tax on snuff is thirty-two cents per pound. Granulated tobacco is not snuff, within the meaning of the statute.

ERROR to the Circuit Court of the United States for the Eastern District of Virginia.

The facts are stated in the opinion of the court.

*Mr. William P. Burwell* for the plaintiffs in error.

*The Solicitor-General* for the defendant in error.

MR. JUSTICE HARLAN delivered the opinion of the court.

Section 643 of the Revised Statutes provides, among other things, for the removal into the Circuit Court for the proper district, upon petition by defendant to that court, without bond, and without reference to the amount in dispute, of any civil suit, or criminal prosecution, "commenced in any State court against an officer appointed under or acting by authority of any revenue law of the United States, now or hereafter enacted, or against any person acting under or by authority of any such officer, on account of any act done under color of his office, or of any such law, or on account of any right, title, or authority claimed by such officer or other person under such law; or is commenced against any person holding property or estate by title derived from any such officer, and affects the validity of such revenue law." Similar provisions are to be found in sect. 67 of the act of July 13, 1866, c. 184, and in sect. 3 of the act of March 2, 1833, c. 57. 14 Stat. 171; 4 id. 633.

The present suit — commenced in one of the courts of the Commonwealth of Virginia, and thence removed, in the mode prescribed by the above section, into the Circuit Court of the United States for the Eastern District of Virginia — is clearly embraced by the terms of that section. Its object is to recover from the defendant, Richards, certain sums, aggregating more than $5,000, which, it is alleged, he, as a collector of internal revenue, illegally exacted and collected, as taxes, upon snuff manufactured by the plaintiffs, Venable & Son. The court below denied a motion to remand the cause to the State court. Its action, in that particular, is now assailed, upon the assumption that the act of March 3, 1875, c. 137, at least as to all cases removable under it, superseded sect. 643 of the Revised Statutes. The present suit is, undoubtedly, one arising under the laws of the United States, and as the matter in dispute, exclusive of costs, exceeds the sum of $500, it could, consistently with the language of that act, have been removed before or at the term at which it could have been first tried, upon petition filed in the State court, accompanied by the required bond. But it does not follow that a removal of suits, described in sect. 643 of the Revised Statutes,

could not be effected in some other mode than that defined in the act. The latter, neither in terms nor by necessary implication, abrogates previous laws providing for the removal of causes from the State courts. It repeals only such acts and parts of acts as are in conflict therewith. We fail to perceive any necessary conflict between the two enactments. Sect. 643 provides for the removal of both civil and criminal prosecutions of a limited class, arising under the laws of the United States, without regard to the amount involved, while the act of 1875 provides for the removal of all civil suits arising under the laws of the United States, where the matter in dispute exceeds the sum or value of $500. Certainly so much of the section as relates to criminal prosecutions is unaffected by the act. And the same thing may be said of civil suits, of the class described in the section, where the matter in dispute, exclusive of costs, is less than the sum of $500. But looking at the policy which underlies all the legislation providing for the removal from State courts of civil suits against officers, appointed under, or acting by authority of, any revenue law of the United States, we cannot suppose that Congress intended to deny to such officers, when sued for amounts exceeding $500, exclusive of costs, the benefit of the liberal provisions which are confessedly accorded to them when sued for less than that sum. "If by any reasonable construction the two statutes can stand together, they must so stand. If harmony is impossible, and only in that event, the former law is repealed in part or wholly, as the case may be." *State* v. *Stoll*, 17 Wall. 425, 431. We are of opinion that effect will be given to the intention of Congress by holding, as we now do, that sect. 643 of the Revised Statutes, not being in conflict with the act of 1875, is in full force as to all cases embraced by its terms; and, consequently, that the act, so far as it embraces suits, arising under the laws of the United States, does not preclude a removal of a suit of the class defined and in the mode prescribed by that section.

This brings us to a consideration of the case upon its merits. The amounts which the plaintiffs claim were illegally exacted as taxes upon snuff manufactured by them were paid from August, 1872, to May, 1875, both inclusive. During all that period they were assessed, upon snuff, at the rate of thirty-two

cents per pound, which was, as they contend, in excess of the rate established by law.

We are of opinion that the snuff manufactured by the plaintiffs was taxable at the rate of thirty-two cents per pound. A careful examination of sect. 61 of the act of July 20, 1868, c. 186, sect. 31 of the act of June 6, 1872, c. 315, sect. 3368 of the Revised Statutes, and sect. 2 of the act of March 3, 1875, c. 127, will show that during the period in question the tax upon snuff of all descriptions, when prepared for use, and manufactured of tobacco or any substitute of tobacco, was thirty-two cents per pound. The only basis for a different construction of the statutes exists in the fact that the act of 1872, substituted for the third and fourth paragraphs of sect. 61 of the act of 1868, a single paragraph which, among other things, prescribes a tax of twenty cents per pound upon granulated tobacco. The substituted paragraph was carried into the Revised Statutes, and is the second paragraph of sect. 3368. The conclusion attempted to be drawn from these facts has no foundation whatever upon which to rest. The act of 1872 left untouched the same paragraph of sect. 61 of the act of 1868, which expressly provided that " upon tobacco and snuff which shall be manufactured and sold, or removed for consumption or use, there shall be assessed and collected the following taxes: On snuff manufactured of tobacco, or any substitute of tobacco, ground, dry, damp, pickled, scented, or otherwise, of all descriptions, when prepared for use, a t x of thirty-two cents per pound. And snuff flour, when sold, or removed for use or consumption, shall be taxed as snuff, and shall be put up in packages and stamped in the same manner as snuff."

And this provision was reproduced in sect. 3368 of the Revised Statutes, of which the paragraph prescribing a tax of twenty cents on granulated tobacco is also a part. The plaintiffs concede that the article which was taxed in their hands was commonly known as snuff, but they insist that snuff is granulated tobacco within the meaning of the act of 1872, and of the Revised Statutes. If so, it results that, while granulated tobacco was subject, since the passage of the act of 1872, and up to March 3, 1875, to a tax of twenty cents per pound, and, by the act of the latter date, to twenty-four cents per pound,

there was in force, during the same period, another provision specifically taxing snuff, manufactured of tobacco or any substitute for tobacco, of all descriptions, at the rate of thirty-two cents per pound. Any such construction of the statute is inadmissible. The bill of exceptions stated that there was no evidence to show that the term " snuff " was synonymous with "granulated tobacco," and that while the plaintiffs' witnesses knew what was meant by snuff, they did not know what granulated tobacco was, in the trade in Virginia, nor what the statute meant by that phrase. It will not, therefore, be expected that this court will judicially know what granulated tobacco is, or in what respect, if in any, it resembles snuff. All that we decide is, that the article manufactured of tobacco, or any substitute for tobacco, known in the trade and prepared for use as snuff, is, within the meaning of the statute, snuff upon which, when sold or removed for consumption or use, was imposed, during the period in question, a tax of thirty-two cents per pound.

*Judgment affirmed.*