**Art JOHNSTON, Plaintiff,**

v.

**Hugh E. EARLE, Walter B. Shanks, Irwin Borthick and Irving H. Curran, Defendants.**

**Civ. No. 9326.**

United States District Court
D. Oregon.
May 2, 1958.

Barzee, Leedy & Erwin, Portland, Or., for plaintiff.

C. E. Luckey, U. S. Atty., and Edward J. Georgeff, Asst. U. S. Atty., Portland, Or., for defendants.

EAST, District Judge.

A short synopsis of the prior litigation in this case will be of some interest and aid in arriving at a just determination of the present issues.

On July 5, 1949, plaintiff herein brought an action against the United States under the Federal Tort Claims Act, 60 Stat. 842, 28 U.S.C.A. § 1346 (1950 ed.) and 28 U.S.C.A. § 2671 et seq. (1950 ed.). The complaint sounds primarily in trespass; however, negligence is also alleged. As set out in the pretrial order in that cause, the conduct giving rise to the litigation was the seizure on July 10, 1948, of a D–8 Caterpillar tractor belonging to the plaintiff by Deputy Collectors of the Internal Revenue Service. However, in an amended pretrial order, the date of seizure is set out as "sometime in July, 1948." On December 12, 1952, plaintiff's cause was dismissed with prejudice, this Court finding itself to be without jurisdiction of the subject matter by virtue of the exception to the Federal Tort Claims Act set out in 28 U.S.C.A. § 2680(c) (1950 ed.).[1]

On July 2, 1954, plaintiff brought an action for conversion of the same tractor upon the same occasion against Earle, Collector of Internal Revenue for the State of Oregon, and Shanks, Borthick, and Curran, Deputy Collectors, in their individual capacities, the gravamen of the complaint being that the levy was made without lawful authority.

The date of the seizure was set out in the pretrial order as "the early part of July, 1948." After trial on the merits, plaintiff's action was dismissed for the reason, as is indicated in the trial court's opinion, that the defendants were acting within the scope of their authority and were therefore immune from personal liability. The judgment of dismissal was entered in this Court on June 21, 1955.

Plaintiff thereafter appealed to the Court of Appeals wherein the judgment of the trial court was reversed and the District Court ordered to dismiss the action for "failure to state a claim arising under the laws of the United States." (This order was signed on April 1, 1957, and the District Court's dismissal in accordance therewith was entered on June 3, 1957. See opinion Johnston v. Earle, 9 Cir., 1957, 245 F.2d 793; see also a related case, Stotts v. Johnson and Marshall, 1951, 192 Or. 403, 234 P.2d 1059, 235 P.2d 560.)

On or about July 29, 1957, the plaintiff filed the instant action against the same defendants individually (being Earle, Shanks, Borthick, and Curran) *for conversion of the tractor in question* on or before July 10, 1948, in the Circuit Court of the State of Oregon for Multnomah County. The defendants being at the time of the alleged conversion officers of the Internal Revenue Service, the action was seasonably removed to this Court under 28 U.S.C.A. § 1442(a) (1).[2]

As a result of the instant removal, this Court is faced squarely with the determination of whether or not this removal statute, supra, is merely procedural or is it also jurisdictional? The Court of Appeals has held that this Court could not and did not have original jurisdiction over this controversy; how-

---

**1.** Quare: Whether this dismissal can be with prejudice in the light of, Fed.Rules Civ.Proc. Rule 41(b), 28 U.S.C.A., and the common-law rule that a dismissal for lack of jurisdiction is not a judgment in bar? Or is this dismissal one for failure to state a claim upon which relief can be granted, rather than for lack of jurisdiction, and therefore rightly upon the merits under the rule of Bell v. Hood, 1946, 327 U.S. 678, 66 S.Ct. 773, 90 L. Ed. 939, or is this dismissal based upon lack of jurisdiction under the immaterial, insubstantial, and frivolous exception to Bell v. Hood, or does Bell v. Hood only apply to jurisdiction under the Federal-question statute, 28 U.S.C.A. § 1331?

**2.** "(a) A civil action or criminal prosecution commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

"(1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue."

ever, we now find these same facts before this Court after a new action was brought in the State Court and removed to this Court. A plain reading of the removal statute convinces this Court that the statute is jurisdictional in nature as well as procedural, and that the defendants, as Federal officers, need not show independent jurisdictional facts of a claim exceeding $3,000, which this is, coupled with either diversity, which there is not, or a Federal question, which there is not. There exists some recent discussion not in accord with this view, Lemmon, J., dissenting in Hood v. United States, 9 Cir., 1958, 256 F.2d 522. However, the majority opinion, by Fee, J., sustains this Court's holding. See also the dictum in Johnston v. Earle, 9 Cir., 1957, 245 F.2d 793 at page 795, cf. State of Tennessee v. Davis, 1879, 100 U.S. 257, 25 L.Ed. 648; Venable v. Richards, 1882, 105 U.S. 636, 26 L.Ed. 1196.

At present, a motion for summary judgment by the defendants is pending before this Court and will now be dealt with.

■ Defendants contend that plaintiff had both actual and constructive notice. of the fact that the tractor was encumbered with a Federal tax lien, which proposition is said to be res judicata by virtue of the decision in Stotts v. Johnson and Marshall, supra. While there *may* exist a judicial admission by the plaintiff herein arising out of the pleadings in that case which would be competent evidence upon a trial of the merits, there is plainly no room for the operation of the doctrine of res judicata for the reason that none of the present defendants were parties or in privity with parties in that case. Furthermore, the issues, while to a degree related, were not the same as the issues in the instant case.

■ Defendants' contention is correct that plaintiff's claim is one arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods or merchandise by any officer of customs or excise or any other law enforcement officer, which facts are res judicata by Johnson v. United States, Civ. No. 4978 [2a]. Defendants' statement is set out in the phraseology of 28 U.S.C.A. § 2680(c), that being the statutory exception to the Federal Tort Claims Act under which plaintiff's action against the United States was dismissed. There being sufficient privity between the instant defendants and the United States, the defendant in that action, this is an appropriate application of the doctrine of res judicata, or possibly a better term is collateral estoppel; however, this statement, even though true, provides no ground for the rendering of summary judgment in favor of the defendants.

■ Defendants contend that the instant complaint fails to state a claim upon which relief can be granted because of the prior determination of sovereign immunity in Johnston v. Earle, Civil No. 7571, which is said to be res judicata. Defendants have misconstrued the effect of the decision of the Court of Appeals in that case. It was there said that the District Court in that action had jurisdiction to determine that the complaint failed to state a claim arising under the laws of the United States (28 U.S.C.A. § 1331) (1949 ed.), thereby lacking jurisdiction of the subject mat-

---

**2a.** Art JOHNSON, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. 4978.

United States District Court

D. Oregon.

Dec. 11, 1952.

JAMES ALGER FEE, Chief Judge.

After a full re-examination of this cause, the Court has come to the conclusion that it has no jurisdiction of the action, which is a "claim arising in respect of * * * the detention of any goods or merchandise by any officer of customs or excise or any other law enforcement officer" and therefore is within the exception of 28 U.S.C.A. § 2680(c).

The plaintiff probably has the opportunity to sue the officers personally in trespass or replevin.

ter. It held that the District Court had erred in finding jurisdiction over the subject matter and then, after a trial on the merits dismissing the action on the basis of the sovereign immunity of the individual defendants, which is an affirmative defense. The dismissal in that case was for lack of this Court's jurisdiction[3] over the subject matter for failure to state a claim arising under the laws of the United States.

The dismissal was for lack of jurisdiction and was not a judgment in bar or on the merits. Rule 41(b). Therefore, this Court's prior decision and judgment based upon sovereign immunity cannot be res judicata in this action; it was a nullity. This is not a case like that in Bell v. Hood, 1946, 327 U.S. 678, 66 S. Ct. 773, 90 L.Ed. 939, where the complaint admittedly sets out a claim arising under the laws or Constitution, prima facie, and wherein the District Court must assume jurisdiction and where an ensuing dismissal would be for failure to state a claim upon which relief can be granted (Rule 12(b)), and would operate as an adjudication upon the merits, i. e., in bar, unless specified to the contrary. Rule 41(b). See also Bell v. Hood, D.C. Cal.1947, 71 F.Supp. 813; Lowe v. Manhattan Beach City School District, 9 Cir., 1955, 222 F.2d 258; Weiss v. Los Angeles Broadcasting Co., 9 Cir., 1947, 163 F.2d 313; Montana-Dakota Utilities Co. v. Northwestern Public Service Co., 1951, 341 U.S. 246, 71 S.Ct. 692, 95 L.Ed. 912; cf. Strachman v. Palmer, 1 Cir., 1949, 177 F.2d 427, 12 A.L.R.2d 687.

■ Finally, defendants contend that this action is barred by the statute of limitations. The question arises, then, whether or not the Oregon statute of limitations applies. Diversity jurisdiction,

28 U.S.C.A. § 1332, was conferred upon the Federal courts in order to prevent apprehended discrimination in the State courts against those not citizens of the state. Erie R. Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. Jurisdiction via removal in the instant case is conferred by 28 U.S.C.A. § 1442; this latter basis of jurisdiction arose out of discrimination in the State courts against Federal revenue officers.[4]

■ There is no question but that the Federal courts will apply State statutes of limitation and also savings clauses in diversity cases; similarly there should be no question as to the application of the Oregon statute of limitations and saving clause in the instant case. This result should follow by reason of the fact that Sec. 1442 exists for essentially the same reason as Sec. 1332, i. e., fear of undue discrimination in State courts.

The applicable statute of limitations is O.R.S. 12.080(4), which provides that:

"An action for taking, detaining, or injuring personal property, including an action for the specific recovery thereof; shall be commenced within six years."

Plaintiff alleges a conversion on or about July 10, 1948, whereas defendants contend that July 1, 1948 is the correct date. Plaintiff filed an action on July 2, 1954, which was dismissed for lack of jurisdiction of the subject matter on June 3, 1957, after an appeal to the Circuit Court of Appeals. The present action was filed in the Circuit Court for the State of Oregon on July 29, 1957, and removed here by the defendants. It is obvious that if the conversion took place on July 1, 1948, as the defendants contend, then this action is barred, even though the Oregon savings clause be ap-

3. "It is now here ordered and adjudged by this Court, that the Judgment of the said District Court in this cause be and hereby is reversed, and that the said district court be, and hereby is ordered to enter an order dismissing the action for failure to state a claim arising under the laws of the United States."

4. See State of Tennessee v. Davis, 1879, 100 U.S. 257, 25 L.Ed. 648, wherein the State of Tennessee attempted to make penal the collection by Revenue Officers of the United States duties under the tariff laws.

**154**

plied.[5] However, if the conversion took place on July 2, 1948, or at any time thereafter, then the plea of the statute of limitations is not made out.

 It is the conclusion of this Court that the defendants' motion for summary judgment herein should be dismissed, without prejudice, however, on the part of the defendants to make contention and affirmatively allege the defense of the statute of limitations. It would be the present view of this Court that, should the affirmative defense of the statute of limitations be asserted by the defendants, appropriate pretrial procedures would permit the segregation of that issue for determination by the Court prior to a hearing upon the merits, if reached.

---

5. The Oregon savings clause reads: "12.-220. Commencement of new action within one year after dismissal or reversal. If an action is commenced within the time prescribed therefor and the action is dismissed upon the trial thereof, or upon appeal, after the time limited for bringing a new action, the plaintiff, or if he dies and any cause of action in his favor survives, his heirs or personal representatives, may commence a new action upon such cause of action within one year after the dismissal or reversal on appeal; however, all defenses that would have been available against the action, if brought within the time limited for the bringing of the action, shall be available against the new action when brought under this section."