OVE GUSTAVSSON CONTRACTING COMPANY, Inc., Plaintiff,

v.

Franklin G. FLOETE, Administrator of General Services Administration and Michael Brennan, Contracting Officer and Chief, Design and Construction Division, Public Building Services, General Services Administration, Defendants.

United States District Court
S. D. New York.
June 16, 1959.

Anthony B. Cataldo, New York City, for plaintiff.

Arthur H. Christy, U. S. Atty., New York City, John W. Hasson, Asst. U. S. Atty., Woodside, N. Y., of counsel, for defendants.

CASHIN, District Judge.

This is a motion pursuant to Rule 12 (b), Federal Rules of Civil Procedure, 28 U.S.C.A., for judgment dismissing the complaint with prejudice on the ground that the court lacks jurisdiction over the subject matter and of the defendants, and that the plaintiff has an adequate remedy at law.

Plaintiff is a domestic corporation organized and existing under the laws of the State of New York, having its principal place of business in the County of Queens, State of New York.

On May 28, 1958, plaintiff entered into a contract with United States of America to construct a dehumidification hutment at Burlington, New Jersey. On January 12, 1959, plaintiff's right to proceed under the contract was terminated by the defendants, allegedly pursuant to the provisions of the contract.

On February 20, 1959, plaintiff served the United States Attorney's office for the Southern District of New York with a summons and complaint, wherein it sought a declaratory judgment concerning its rights under the contract, and a permanent injunction declaring the defendants' action to be arbitrary, etc., in terminating the contract, and further seeking to enjoin defendants from awarding a new contract and to allow plaintiff to proceed under the terminated contract. The defendant Brennan, a resident of the State of New York, was served personally in the State of New York, and the defendant Floete was served by mail in Washington, D. C. At the same time plaintiff obtained an order to show cause in this court, returnable February 24, 1959, wherein it sought to obtain a preliminary injunction enjoining the defendants from awarding a new contract. On March 13, 1959, this was denied on the ground that no irreparable damage was shown and that the plaintiff had an adequate remedy at law for damages.

The venue of this action is laid in the Southern District of New York and is brought under the provisions of 5 U.S.C.A. § 1009, known as the Administrative Procedure Act. The Government claims in the instant motion that the court lacks jurisdiction over the subject matter and that the court lacks jurisdiction over the defendants.

As to whether the court lacks jurisdiction of the subject matter, the court is not passing upon but will decide this motion on the other ground urged by the Government.

The defendant Floete is an indispensable party. See Williams v. Fanning, 332 U.S. 490, at page 493, 68 S. Ct. 188, at page 189, 92 L.Ed. 95. The venue as to him is improper. The official residence of the General Services Administration is in Washington, D. C. See Trueman Fertilizer Co. v. Larson, 5 Cir., 1952, 196 F.2d 910, and Blackmar v. Guerre, 5 Cir., 1951, 190 F.2d 427,

**546**

affirmed 342 U.S. 512, 72 S.Ct. 410, 96 L.Ed. 534.

 As to the defendant Brennan, if he is being sued as an individual for illegal acts, the mere allegation of illegality does not confer jurisdiction. Other grounds must be shown, to wit, diversity of citizenship and the requisite amount in controversy. See Kennedy v. Public Works Administration, D.C.W.D.N.Y. 1938, 23 F.Supp. 771. Both the plaintiff and defendant Brennan are residents of the State of New York.

Because of the above, the complaint is dismissed without prejudice to further proceedings by the plaintiff in the proper venue.

It is so ordered.