OVE GUSTAVSSON CONTRACTING COMPANY, Inc., Plaintiff,

v.

Franklin G. FLOETE, as Administrator of General Services Administration, Michael Brennan, individually and as Contracting Officer of General Services Administration, and William A. Boyd, Defendants.

Civ. No. 19931.

United States District Court
E. D. New York.

Sept. 10, 1959.

Anthony B. Cataldo, New York City, for plaintiff.

Cornelius W. Wickersham, Jr., U. S. Atty., Brooklyn, N. Y., for defendants. Myron Beldock, Asst. U. S. Atty., Brooklyn, N. Y., of counsel.

ZAVATT, District Judge.

The plaintiff moves for an order remanding this cause to the Supreme Court of the State of New York, County of Queens. The named defendants herein are Franklin G. Floete, Administrator of the General Services Administration of the United States, and Michael Brennan and William A. Boyd, Chief and Assistant Chief, respectively, of the Design and Construction Division, Public Buildings Service, Region 2, of the aforesaid agency.

The complaint sets forth two causes of action. The first, against Floete and Brennan in their representative capacities, is that Brennan arbitrarily and capriciously terminated a construction contract which had been 80% performed by the plaintiff; that plaintiff demanded of said defendants that the termination be annulled and that they arbitrarily refused to permit resumption of the contract by the plaintiff; that the said defendants acted outside the scope of their powers, and that their actions were fraudulent or so grossly erroneous as to imply bad faith; and that plaintiff is entitled to bring this action for review of said acts of the defendants. Under its first cause of action the plaintiff seeks judgment declaring that the acts of Floete and Brennan are unlawful and violative of the rights of the plaintiff; ascertaining the amount of the plaintiff's damages; directing the said defendants to authorize and direct the proper official of the United States Government to pay so much of the damages as will be deter-

mined to be due and payable by the United States; and directing that the balance of said damages be paid by the defendants personally.

The second cause of action, against Brennan and Boyd individually, alleges in essence that said defendants "with intent to harm and injure the plaintiff, knowingly, intentionally and wilfully made untruthful reports concerning the performance of the contract by the plaintiff and by reason of the said untruthful reports they caused the said contract to be cancelled." It is alleged that Brennan and Boyd acted maliciously, knowing full well that plaintiff would be injured. As to this cause of action damages are sought against Brennan and Boyd individually.

The action was removed to this Court pursuant to 28 U.S.C.A. § 1442(a) providing:

"A civil action or criminal prosecution commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

"(1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office * *."

The motion to remand is grounded upon the alleged fact that previously Judge Cashin of the United States District Court for the Southern District of New York, 176 F.Supp. 544, entered an order in an original action similar to the one at bar dismissing said action because the Federal court lacked jurisdiction. Examination of Judge Cashin's decision reveals that that action was brought against Floete and Brennan and embraced the claim set forth in the first cause of action herein. It was found that Floete was an indispensable party and that as to him the venue in the Southern District of New York was improper. Judge Cashin found that there was no jurisdiction as to Brennan if he was being sued as an individual for illegal acts,

inasmuch as the requisite diversity of citizenship was not shown.

In the instant case defendants Brennan and Boyd alone were served in the State court action and together joined in the petition for removal. If the question now before the Court were whether or not an action could have been brought in this Court in the first instance, diversity of citizenship as to Brennan being lacking, certainly Judge Cashin's decision, and the law generally, would apply to indicate that the action could not have been brought. But the question here is whether an action against these individuals which has been properly brought in a State court is removable to this Court under the statute quoted. Judge Cashin was in no way concerned with this question.

■■ I am of the view that the action was properly removed. Johnston v. Earle, D.C.D.Or.1958, 162 F.Supp. 149, 152, supports the conclusion that 28 U.S.C.A. § 1442(a) is jurisdictional:

"A plain reading of the removal statute convinces this Court that the statute is jurisdictional in nature as well as procedural, and that the defendants, as Federal officers, need not show independent jurisdictional facts of a claim exceeding $3,000, which this is, coupled with either diversity, which there is not, or a federal question, which there is not."

In Garden Homes v. Mason, D.C.D.Mass. 1956, 143 F.Supp. 144, the Court stated:

"There is no doubt in my mind but that the Commissioner of Federal Housing Administration may, under the provisions of 28 U.S.C.A. § 1442 (a)(1), remove an action against him to this court, and this irrespective of the absence of diversity of citizenship, or regardless of non-joinder of a co-defendant in the petition, or of the existence of an ad damnum clause in excess of $10,000."

The purpose of the statute, as stated in Jones v. Elliott, D.C.E.D.Va.1950, 94 F. Supp. 567, is to accomplish the evident Congressional purpose that all suits against officers of the United States Government for acts done within the ambit of their authority be tried only in Courts of the United States. Cf., Hood v. United States, 9 Cir., 1958, 256 F.2d 522.

Jurisdiction is not defeated here by reason of the allegations that the defendants Brennan and Boyd acted maliciously and with intent to harm and injure the plaintiff. DeBusk v. Harvin, 5 Cir., 1954, 212 F.2d 143 was a suit filed in a State court to recover damages from the defendants therein individually for their alleged malicious acts in causing the plaintiff's dismissal from his Government job. The complaint alleged a conspiracy to harm the plaintiff and effect his removal. The action was held properly removed. The Court in Logemann v. Stock, D.C.D.Neb.1949, 81 F.Supp. 337, 339, stated:

"Nor are they taken [out of the character of color of office] by reason of the fact that they are alleged to have been motivated by hatred and ill will and, on that account, wrongful as well as objectively untrue. It is not merely cases against officials whose conduct is blameless that are removable. Those may be also removed in which it may ultimately be determined that misconduct was involved, if it was committed . under color of office. The statute provides that actions within its definition may be brought here, not necessarily or invariably for the absolution from fault or liability of the defendant in the state court, but rather for the trial upon its merits of that very . question in this court free from the impact of local interest or prejudice. Accordingly, color of office may be predicable of acts of an officer which may ultimately be proved to have been groundless, mistaken or wrongful."

The papers in the instant case clearly establish that the acts of which the defendants Brennan and Boyd are accused occurred entirely under the color of their offices.

844

The defendant Floete has not been served in this action. The Court, however, does not pass upon any other questions relating to jurisdiction, parties or venue which may lurk in this record other than to hold that the action in its present posture was properly removed. The motion to remand is denied. This is an order.