OVE GUSTAVSSON CONTRACTING
CO., Inc., Plaintiff,

v.

Franklin G. FLOETE, as Administrator of General Services Administration, Michael Brennan, individually and as Contracting Officer of General Services Administration and William Boyd, Defendants.

Civ. No. 19931.

United States District Court
E. D. New York.

Sept. 20, 1960.

Anthony B. Cataldo, New York City, for plaintiff.

Cornelius W. Wickersham, Jr., U. S. Atty., E. D. of New York, Brooklyn, N. Y., for defendants. Myron Beldock, Asst. U. S. Atty., Brooklyn, N. Y., of counsel.

ZAVATT, District Judge.

The plaintiff moves to remand the action to the New York Supreme Court, County of Queens, or in the alternative, to sever the two claims alleged in the complaint so that trial of the second claim may proceed. The defendants move to dismiss the complaint for failure to state a claim upon which relief may be granted.

The first claim is asserted against the defendants Floete and Brennan. Floete is the Administrator of the General Services Administration; Brennan is the Chief of the Design and Construction Division, Public Buildings Service, of that federal agency. The gravamen of the first claim is that these defendants caused GSA to cancel a construction contract that the plaintiff had with that agency. Jurisdiction for this claim is asserted under section 10 of the Administrative Procedure Act, 5 U.S.C.A. § 1009. Before this action was instituted the plaintiff brought suit in the United States District Court for the Southern District of New York against Floete and Brennan. The complaint in that action is in all material respects identical with the first claim alleged here. There, on motion by the defendants the complaint was dismissed on the ground that (1) Floete was an indispensable party and that, as to him, the venue was improper; and

(2) there was no diversity of citizenship between the plaintiff and the defendant Brennan. See Ove Gustavsson Contracting Co. v. Floete, D.C.S.D.N.Y.1959, 176 F.Supp. 544. The Court of Appeals affirmed on the ground that the action was in reality one against the United States for breach of contract for damages in excess of $10,000 and that as to such suits the district courts lack jurisdiction even had the United States been properly made a party. See Ove Gustavsson Contracting Co. v. Floete, 2 Cir. 1960, 278 F.2d 912. As an alternative ground the Court of Appeals found that the plaintiff had properly appealed the termination of the contract to the Administrator of GSA and as that appeal was still pending the plaintiff was "not entitled to pursue his legal remedies in court." Id. at page 914.

The second claim asserted here is against the defendants Brennan and Boyd, the latter being the Chief Assistant of the former. The gravamen of this claim is that these defendants tortiously caused the termination of the contract that is the subject of the first claim. This second claim, against the active tort feasors individually, is not part of the action commenced in the Southern District.

We thus come to the motion to remand. This is the second time that this motion is before the Court. I denied the earlier motion, D.C.E.D.N.Y.1959, 176 F.Supp. 841, because the papers showed that the suit was against federal officers acting under color of their office. Thus removal was proper, 28 U.S.C. § 1442(a) (1). The appeal from the order denying the motion to remand was dismissed. The present motion is in effect a motion for reconsideration but there is nothing that merits reconsideration and the motion is accordingly denied.

■ On the argument of defendants' motion to dismiss the complaint for failure to state a claim the parties agreed to adjourn that part of the motion addressed to the first claim pending the disposition by the Supreme Court of plaintiff's petition for a writ of certiorari in the action brought in the Southern District. Hence plaintiff's alternative motion to sever. The Court consented to the adjournment because it seemed that the disposition by the Supreme Court would settle the merits of the first claim. On reconsideration, however, I find no purpose for the adjournment. The first claim is dismissed for the reason that the same relief against the same defendants is the subject of the action brought by the same plaintiff in the United States District Court for the Southern District of New York. If the petition for a writ is denied, the decision of the Court of Appeals becomes res judicata as to the first claim in the case pending here. If the writ is granted and the plaintiff prevails then there is still pending a prior suit in the Southern District for the same relief.

■ Left for consideration is the defendants' motion to dismiss the second claim in the complaint. The complaint spares no adverbs in denouncing the defendants' conduct, for it is plaintiff's theory that if the conduct and motivation be base enough it would be unconscionable for a mature legal system to deny recovery. The answer to this contention can be found in the case of Gregoire v. Biddle, 2 Cir., 1949, 177 F.2d 579, 581:

"It does indeed go without saying that an official, who is in fact guilty of using his powers to vent his spleen upon others, or for any other personal motive not connected with the public good, should not escape liability for the injuries he may so cause; and, if it were possible in practice to confine such complaints to the guilty, it would be monstrous to deny recovery. The justification for doing so is that it is impossible to know whether the claim is well founded until the case has been tried, and that to submit all officials, the innocent as well as the guilty, to the burden of a trial and to the inevitable danger of its outcome, would

dampen the ardor of all but the most resolute, or the most irresponsible, in the unflinching discharge of their duties." 177 F.2d at page 579.

See also Barr v. Matteo, 1959, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434; Howard v. Lyons, 1959, 360 U.S. 593, 79 S.Ct. 1331, 3 L.Ed.2d 1454; Poss v. Lieberman, D.C.E.D.N.Y.1960, 187 F. Supp. 841; Hartline v. Clary, D.C.E.D. S.C.1956, 141 F.Supp. 151. The motion to dismiss the second claim is granted.

Settle an order, consistent with this opinion, on or before September 30, 1960.