Joseph FINK, Plaintiff,

v.

Donald W. GERRISH and Randall U. Cox, Defendants.

United States District Court
S. D. New York.
April 8, 1957.

---

Joseph Spencer, New York City, for plaintiff.

Paul W. Williams, U. S. Atty. for Southern Dist. of New York, New York City, for defendants (James R. Lunney, New York City, of counsel).

MURPHY, District Judge.

■ Plaintiff moves to remand this cause to the Municipal Court of the City of New York whence it was removed on petition of the United States Attorney under authority of § 1442(a) (1) of Title 28 U.S.C.

This action, as stated in the "oral" complaint filed in the Municipal Court, is described as an

"1) Action for personal injuries and property damage sustained by the plaintiff on December 6, 1956 by reason of the negligence and illegal conduct of the defendants in the operation of a motor vehicle, the 1956 license number of which was 67 44 DC, at or in the vicinity of Horace Harding Boulevard near Crotona Avenue. Plaintiff's injuries and damages were so sustained solely by reason of the negligence and wanton misconduct of the defendants and without any negligence on the part of the plaintiff contributing thereto.

"2) Action for false arrest.

"3) Action for false imprisonment."

In the petition for removal it is alleged by the Assistant United States Attorney that:

"This action is one for personal injuries and property damage alleged to have been sustained by the plaintiff when he was struck by an automobile operated by the defendants.

"That said automobile was being used by the defendants within the scope of their employment as employees of the U. S. Department of Justice, Immigration and Naturalization Service."

No other facts are alleged in the removal petition nor is there any statement referring to the causes of action for false arrest and false imprisonment. The petition merely relies, after alleging the above, on the statute, Title 28 U.S.C. § 1442(a) (1).

The government in support of the removal places much reliance on Brann v. McBurnett, D.C.E.D.Ark.1939, 29 F. Supp. 188, 189. That was an action brought in a State court against a United States Marshal for negligently operating an automobile while transporting prisoners. The District Court, upholding removal, held that the Marshal was acting under the authority and direction of the court in transporting the prisoners to the federal penitentiary at Leavenworth and, therefore, was acting "in the performance of his duties as such officer." With deference we disagree.

It would seem that the test for removal is not whether the government employee was acting in the performance of his duties, but rather whether the act complained of was under color of such office or of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue. In the instant case the government makes no claim with regard to the second and third causes of action for false arrest and false imprisonment so we need not concern ourselves with the latter phrase in the statute.

Parenthetically, although the file papers are silent as to the facts concerning the alleged causes of action for false arrest and false imprisonment plaintiff's brief states "that he was peacefully walking his bicycle across an intersection planning to mount it again on his way to his place of employment; that he was struck by the motor vehicle being driven by the defendants and that he was thereafter forcibly imprisoned in the cab of that motor vehicle and handcuffed to the steering wheel. * * * The defendants are alleged to have contended at the time that it was the duty of the plaintiff to wait until an officer arrived at the scene of the accident. The plaintiff on the other hand gave the defendants his name and address and indicated that he was anxious to continue to his place of employment. * * * The defendants, however, claimed that [there was a legal duty to await the officer's arrival and] when the plaintiff refused to wait he was forcibly pushed into the cab and handcuffed to the steering wheel." Perhaps if this statement is true it suggests the reason why the government has remained silent in its petition concerning the facts of the false arrest and false imprisonment.

In any event the narrow question presented on this motion for remand is whether the negligent running down of a pedestrian by two government employees in a government-owned automobile is an act under color of their office.

■ The Supreme Court in Gay v. Ruff, 1934, 292 U.S. 25, 39, 54 S.Ct. 608, 78 L.Ed. 1099, has held that a suit for damages for injuries resulting from the negligent operation of a train by a federally appointed receiver is not a suit for or on account of any act done under color of the receiver's office. Mr. Justice Brandeis reviewed the legislative history of former § 33 of the Judicial Code, the predecessor of the present statute, and from such analysis it is clear that the removal statute has to be strictly construed as opposed to the liberal construction adopted in Brann v. Mc-

Burnett. While it is true that the government agents here were operating a government-owned automobile in the performance of their duties it does not follow nor is it claimed that the negligent operation of such car was an act done under color of their office as immigration officers.

Accordingly, the motion to remand is granted. Cf. Ampey v. Thornton, D.C. Minn.1946, 65 F.Supp. 216 in which the alleged slanderous remarks of a government agent were held not to be under color of office and a remand was ordered.

Settle order.