Charles **PEPPER**

v.

W. P. **SHERRILL.**

Civ. A. No. 3281.

United States District Court
E. D. Tennessee, S. D.

Aug. 5, 1958.

Cunningham, Crutchfield & Summitt, Chattanooga, Tenn., for plaintiff.

John C. Crawford, Jr., U. S. Atty., Knoxville, Tenn., for defendant.

DARR, Chief Judge.

This case was removed to this Court pursuant to Title 28 U.S.C. § 1442, which

provides for the removal to the proper district court of any civil action or criminal prosecution against "any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office * * *." The plaintiff has filed a motion to remand on the ground that the act complained of was not performed under color of office.

The warrant alleges that the defendant ran the front of his vehicle into the rear of the plaintiff's vehicle, and that the collision was a result of the defendant's negligent conduct. The defendant was a postal employee engaged in the delivery of a special delivery letter at the time of the collision. The petition for removal alleges that the accident occurred while the petitioner was acting in the scope of his employment and under color of his official office. See Commonwealth of Virginia v. Paul, 148 U.S. 107, at page 122, 13 S.Ct. 536, at page 542, 37 L.Ed. 386, to the effect that the federal court's jurisdiction depends on the verified petition for removal. The only question, then, is whether the negligent driving was "under color of office".

In Brann v. McBurnett, D.C., 29 F. Supp. 188, a case with facts similar to these, a motion to remand was denied. Numerous other district court decisions have been cited by counsel for the plaintiff to support his stand, but all except one are cases involving criminal prosecutions, where the act complained of was not necessary to the performance of the office. The one exception is the case of Fink v. Gerrish, D.C., 149 F.Supp. 915. The facts in that case were that the defendants, after the accident, forcibly imprisoned the plaintiff in their motor vehicle, even handcuffing him to the wheel. Such an intentional tort is far removed from the performance of the duties of the employee of the government. Such is not the case here. In addition, the Court in Fink v. Gerrish cites Gay v. Ruff, 292 U.S. 25, 54 S.Ct. 608, 78 L.Ed. 1099, as supporting a strict construction of Title 28 U.S.C. § 1442. The Court in Gay v. Ruff was faced with a specific statute permitting the removal of government officers acting under color of office. A determination that the general statute did not revoke the specific does not strike this Court as advocating a strict construction of the general statute.

The acts complained of here were under color of office. The motion to remand is denied.

Order accordingly.