Jacob P. GOLDFARB, Plaintiff,

v.

Richard H. MULLER, Defendant and Third-Party Plaintiff (John S. Davidson, Third-Party Defendant).

Civ. A. 903–58.

United States District Court
D. New Jersey.
Dec. 17, 1959.

**42**

Archie Elkins, Jersey City, N. J., for Jacob P. Goldfarb.

Gaffey & Webb, John Gaffey, Newark, N. J., for Richard H. Muller.

Chester A. Weidenburner, U. S. Atty., Barbara A. Morris, Asst. U. S. Atty., Newark, N. J., for John S. Davidson.

FORMAN, Circuit Judge (specially designated).

On March 3, 1958, Jacob Goldfarb commenced a suit against Richard H. Muller in the Law Division of the Superior Court of New Jersey, Monmouth County, alleging that because of the negligence of Muller an accident had occurred on March 16, 1956, in which Muller's automobile struck that of Goldfarb who seeks damages for personal injuries incurred thereby. Muller filed his answer on March 19, 1958. On July 11, 1958, he filed a third party complaint against John S. Davidson, the driver of a United States Postal Service truck, under the provisions of the New Jersey Joint Tort-feasors Act, N.J.S.A. 2A:53A–1 et seq., alleging that Davidson caused the accident, and claiming contribution from Davidson toward any judgment which might be entered against him in favor of Goldfarb.

On August 11, 1958, Davidson filed a petition to remove the case to this court by the United States Attorney.

On August 15, 1958, Davidson filed his answer to Muller's third party complaint. The answer alleges in part that Muller had administratively settled his claim with the United States Government for $94.50 and had accepted payment of that sum on July 7, 1958, thereby releasing the United States and Davidson from liability under the provisions of 28 U.S.C. § 2672.

Davidson has moved for summary judgment or dismissal of the third party complaint on the ground of release.

The plaintiff Goldfarb has moved to sever the third party action of Muller against Davidson and to remand his case against Muller to the Law Division of the Superior Court.

Although not mentioned in the petition the United States Attorney has submitted in his brief that Davidson's petition to remove is based on § 1442(a) of Title 28 U.S.C., which is as follows:

"§ 1442. Federal officers sued or prosecuted.

"(a) A civil action or criminal prosecution commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

"(1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

"(2) A property holder whose title is derived from any such officer, where such action or prosecution affects the validity of any law of the United States.

"(3) Any officer of the courts of the United States, for any Act under color of office or in the performance of his duties;

"(4) Any officer of either House of Congress, for any act in the discharge of his official duty under an order of such House."

A reading of subsection (a) (1) makes it clear that the motion to remand should be denied only if Davidson was an officer of the United States, or a person acting under such officer *under color of office* at the time of the occurrences alleged in the third party complaint.

Section 1442 has been described as having

" * * * originated in 1833 during the 'nullification' controversy between the United States and South Carolina. Its purpose was to protect those charged with the enforcement of the federal revenue laws from prosecutions in state courts for violations of state law. See State of Tennessee v. Davis, 100 U.S. 257, 25 L.Ed. 648, where its constitutionality was upheld. The section appears as Section 643 of the Revised Statutes and in 1875 was extended to include officers of either house of Congress while engaged in discharging their official duties. 18 Stat. 371, 401. In 1916 the section was amended and the removal privilege extended to any officer of the courts of the United States as noted above. 39 Stat. 532." Ampey v. Thornton,

D.C.D.Minn.1946, 65 F.Supp. 216, 217.

"The present § 1442 of the 1948 Revised Code is a consolidation of §§ 76 and 77 of Title 28 (1940 Edition), being amended Section 33 of the Judicial Code, which was limited in its application to revenue officers in the enforcement of the criminal or revenue laws." State of Oklahoma v. Willingham, D.C.E.D.Okla.1956, 143 F.Supp. 445, 447.

The reviser's notes state that "The revised subsection (a) (1) [set forth above] is extended to apply to all officers and employees of the United States or any agency thereof. * * *." In his brief the United States Attorney contends that "A fair reading of these notes leads to the conclusion that the intention of Congress was to include all employees of the United States within its provisions and therefore, third-party, Davidson, can properly invoke it." This is true providing Davidson was acting under the color of office. at the time the incident complained of occurred.

█ The United States Attorney also contends that implicit in its allegation that Davidson was a Post Office employee acting under the Postmaster, an officer of the United States, "is the fact that [Davidson's] actions * * * were under color of the office alleged therein." But color of office is not synonymous with performance of duties. It is on this basis that Brann v. McBurnett, D.C.E.D. Ark.1939, 29 F.Supp. 188, upon which the United States Attorney relies is readily distinguishable. The defendants in that case were Deputy United States Marshals charged with the negligent operation of their vehicle, in which they were transporting prisoners, pursuant to a court order. The case arose under what is now subsection (a) (3) of § 1442, then contained in § 76 of Title 28. In pertinent part it read as follows:

"When any civil suit or criminal prosecution is commenced in any court of a State * * * against any officer of the courts of the United States for or on account of any

act done under color of his office *or in the performance of his duties as such officer * * * the said suit or prosecution may at any time before the trial or final hearing thereof be removed for trial into the district court next to be holden in the district where the same is pending upon the petition of such defendant to said district court."* (Emphasis supplied.)

Thus an officer of a United States *court* may remove from a state court, when the act complained of was either under "color of office *or in the performance of his duties*.", (emphasis supplied) whereas removal obtains under subsection (a) (1) only if the act complained of *was done under color of office.*

In Fink v. Gerrish, D.C.S.D.N.Y.1957, 149 F.Supp. 915, the defendants, Internal Revenue Agents, were alleged to have negligently run down the plaintiff, a pedestrian, while driving a government owned vehicle and to have falsely arrested and imprisoned him. In granting plaintiff's motion to remand the case to the state court from which the defendants had removed it, the court noted that:

"The government in support of the removal places much reliance on Brann v. McBurnett, D.C.E.D.Ark. 1939, 29 F.Supp. 188, 189. That was an action brought in a State court against a United States Marshal for negligently operating an automobile while transporting prisoners. The District Court, upholding removal, held that the Marshal was acting under the authority and direction of the court in transporting the prisoners to the federal penitentiary at Leavenworth and, therefore, was acting 'in the performance of his duties as such officer.' With deference we disagree." 149 F.Supp. at page 916.

The United States Attorney contends that Fink v. Gerrish is contrary to the weight of authority. In this connection there is attached to his brief a memorandum opinion filed August 11, 1958 in Pepper v. Sherrill, D.C.E.D.Tenn., 181 F. Supp. 40. In that case the defendant was a postal employee who was carrying a special delivery letter at the time he was alleged to have negligently operated his vehicle so that it collided with that of the plaintiff. In denying plaintiff's motion to remand the court cited with approval Brann v. McBurnett, supra, without discussing the distinguishing aspects of that case as noted heretofore. Thus in neither Fink v. Gerrish, supra, nor Pepper v. Sherrill did the court note that Brann v. McBurnett was removed under the exact language of 28 U.S.C. § 76, which is the present subsection (a) (3) of § 1442 of Title 28 U.S.C.

In Pepper v. Sherrill the court distinguished Fink v. Gerrish saying:

"* * * The facts in that case were that the defendants, after the accident, forcibly imprisoned the plaintiff in their motor vehicle, even handcuffing him to the wheel. Such an intentional tort is far removed from the performance of the duties of the employes of the government."

While it is true that the defendants were alleged to have falsely imprisoned and arrested the plaintiff the opinion in Fink makes it clear that the case was not remanded on the basis of an intentional tort. Indeed the court in Fink said "* * * nor is there any statement [in the petition for removal] referring to the causes of action for false arrest and false imprisonment." The court did refer "[p]arenthetically" to the allegations of false arrest and imprisonment and said: "Perhaps if this statement is true it suggests the reason why the government has remained silent in its petition concerning the facts of the false arrest and false imprisonment." However, in granting the motion to remand the court stated the issue as follows: "In any event the narrow question presented on this motion for remand is whether the negligent running down of a pedestrian by two government em-

ployees in a government-owned automobile is an act under color of their office."

Thus, though misconceiving the basis for the decision in Brann v. McBurnett, the court arrived at the proper result in Fink v. Gerrish.

The United States Attorney has cited Ampey v. Thornton, supra as being consistent with Pepper v. Sherrill. In the former case the defendant was an F.B.I. agent who was alleged to have slandered the plaintiff in the course of an inquiry as to the whereabouts of a third person. The court granted plaintiff's motion to remand finding that the slander complained of was an intentional and personal tort unrelated to defendant's official duty.

While the act complained of in the instant matter does not appear to have been intentional it is nevertheless personal since it bears no causal relation-ship to Davidson's official duties. Gay v. Ruff, 1934, 292 U.S. 25, 54 S.Ct. 608, 78 L.Ed. 1099. Cf. State of Maryland v. Soper, 1926, 270 U.S. 9, 46 S.Ct. 185, 70 L.Ed. 449.

Thus while in agreement with the reasoning and result in the Ampey case, I find myself in disagreement with the application of that reasoning in Pepper v. Sherrill.

Other cases cited by the United States Attorney and in which a motion to remand was denied are inapposite [1] because in each of them the particular act complained of and held to have been done under color of office, was a necessary incident of the defendant's duty, i. e. "a claim of federal right or authority for doing the act complained of [was] recognized as the basis for removal." State of Tennessee v. Davis, 100 U.S. 257, 25 L.Ed. 648.

1. Sarner v. Mason, 3 Cir., 1956, 228 F.2d 176, 178 (Individual plaintiffs held all the common stock of the 13 corporate plaintiffs which themselves constructed and operated housing projects financed through Federal Housing Administration insured loans. Defendant was the Federal Housing Commissioner and held all the preferred stock in each of the corporate plaintiffs. "Under the certificates of incorporation, which are substantiallly identical, the Commissioner, the sole preferred stockholder, has the right to replace the boards of directors of the corporations if any one of certain defaults specified in the charter take place." Plaintiffs sought to enjoin the defendant Commissioner from electing new boards of directors.)

DeBusk v. Harvin, 5 Cir., 1954, 212 F. 2d 143, 144 (Plaintiff, a loan examiner in the Veterans Administration, sued defendants "for their alleged malicious acts" in causing his dismissal therefrom. Defendants were plaintiff's superiors and had the responsibility of supervising plaintiff including recommending appropriate disciplinary action.)

City of Norfolk, Va. v. McFarland, D.C. E.D.Va.1956, 143 F.Supp. 587 (Defendant, an investigator for the Alcohol and Tobacco Tax Division of the Treasury Department, was charged with speeding in the City of Norfolk while enroute under emergency conditions to raid an illegal still.)

People of State of Colorado v. Maxwell, D.C.D.Colo.1954, 125 F.Supp. 18 (Defendant, a civilian police captain, was indicted for murder which allegedly occurred when he fatally shot an Army Corporal whom he was holding pursuant to the request of a United States Air Force Captain.)

Stack v. Strang, D.C.S.D.N.Y.1950, 94 F.Supp. 54 (Pursuant to Executive Order of the President of the United States [No. 6102 of April 5, 1933 and No. 6260 of August 28, 1933, 12 U.S.C.A. § 95a note] the Treasury Department had the defendant, a Secret Service Agent, recover a gold United States coin known as a "Double Eagle" from plaintiff who gave the coin to the defendant under protest and sued to recover it.)

Logemann v. Stock, D.C.D.Neb.1949, 81 F.Supp. 337, 338 (Deputy Collector of Internal Revenue was alleged to have "falsely and maliciously accused Stock of failing to report his correct and entire income * * * and later submitted like representations to his own official superior, and made certain threats to Stock of the assessment of further taxes.")

Potts v. Elliott, D.C.E.D.Ky.1945, 61 F.Supp. 378, 379 (Referee in Bankruptcy was held to be an "official of the court within the meaning of the removal statute", then 28 U.S.C. § 76.)

The United States Attorney also cites Kozlowski v. Ferrara, D.C.S.D.N.Y.1954, 117 F.Supp. 650, in which a Federal Bureau of Investigation agent who had arrested the plaintiff without a warrant was sued for false arrest and prosecution. In denying the defendant's motion to dismiss the amended complaint and in the alternative to require the plaintiff to state his claims separately the court said, at page 652:

"Agents of the F.B.I. are empowered by statute to arrest without a warrant where they have 'reasonable grounds to believe that the person arrested is guilty of (a) felony and there is a likelihood of his escaping before a warrant can be obtained for his arrest.' 18 U.S.C.A. § 3052. Whether an agent is acting within the scope of his prescribed duties depends on whether, in arresting without a warrant, he has reasonable grounds—that is, probable cause—for his actions, as required by the statute." * * *

" * * * This action, which was originally brought in the New York Supreme Court, was removed to the federal court not on the grounds of diversity, but under the provisions of 28 U.S.C.A. § 1442(a) (1), as an action against an officer of the United States. * * *."

Plaintiff did not move to remand.

Similarly no motion to remand was made in Underhill v. Tabbutt, D.C.E.D. Pa.1945, 62 F.Supp. 11, 13, also cited by the United States Attorney, in which the defendant, an employee of the United States Bureau of Internal Revenue, was alleged to have damaged the plaintiff's automobile by the negligent operation of his own. The case was tried to the court without a jury. The court held that it had "jurisdiction * * * under the provisions of Section 33 of the Judicial Code, 28 U.S.C.A. § 76." The opinion gives no basis for this finding other than that defendant was employed by the Department of Internal Revenue. In view of the Supreme Court's statement in State of Colorado v. Symes, 1932, 286 U.S. 510, 52 S.Ct. 635, 76 L.Ed. 1253, that federal employees are not on that basis alone granted immunity from prosecution in state courts for crimes against state law under 28 U.S.C.A. § 76 which on its face applies to both civil suits and criminal prosecutions I disagree respectfully with the findings in Underhill v. Tabbutt.

Another case relied upon by the United States Attorney, Jones v. Elliott, D.C. E.D.Va.1950, 94 F.Supp. 567, involved a motion to remand made by a co-defendant which was denied because the removing defendant was found to be within the scope of § 1442(a) (1). However, the decision does not recite the facts of the case.

The United States Attorney contends that since § 1442 is remedial it is to be liberally construed, citing State of Colorado v. Symes, 1932, 286 U.S. 510; 52 S.Ct. 635, 76 L.Ed. 1253. In that case the State of Colorado filed an original motion in the United States Supreme Court for a rule requiring the respondent, a judge of the United States District Court for the District of Colorado, to show cause why a writ of mandamus should not issue to compel him to remand the prosecution of Henry Dierks (See Ex parte Dierks, D.C.D.Colo.1931, 55 F.2d 371) to the state court. The motion was granted and Judge Symes made his response. In holding that the prosecutor's motion to remand in the original case should have been granted, the Court said by way of dicta, 286 U.S. at page 517, 52 S.Ct. at page 637:

" * * * It scarcely need be said that such measures are to be liberally construed to give full effect to the purposes for which they were enacted. See Venable v. Richards, 105 U.S. 636, 638, 26 L.Ed. 1196. State of North Carolina v. Sullivan, C.C., 50 F. 593, 594. And it is axiomatic that the right of the states, consistently with the Constitution and laws of the United States, to make and enforce their own laws is

equal to the right of the federal government to exert exclusive and supreme power in the field that by virtue of the Constitution belongs to it. The removal statute under consideration is to be construed with highest regard for such equality. * * *."

The statute to which the Court spoke was the 1916 precursor of § 1442, the history of which has already been recited.

I see no evidence that Congress desired that removal be made available to *all* federal employees whenever they are sued or prosecuted in a state court for an act done in the performance of their duties. Indeed, in the Symes case, supra, the Court said:

"* * * Federal officers and employees are not, merely because they are such, granted immunity from prosecution in state courts for crimes against state law. Congress is not to be deemed to have intended that jurisdiction to try persons accused of violating the laws of a state should be wrested from its courts in the absence of a full disclosure of the facts constituting the grounds on which they claim protection under section 33." State of Colorado v. Symes, 286 U.S. at page 518, 52 S. Ct. at page 637.

True the statute has been expanded since the time of the Symes case. But as was said in State of Oklahoma v. Willingham, supra [143 F.Supp. 447], "Revised Section 1442 made no change in the theory or basis for removal. It merely extended its application to 'all officers [and employees] of the United States or any agency thereof'." The fact that Symes emanated from a criminal proceeding and that Willingham was a criminal case, does not in itself render their teaching any less pertinent for § 1442 applies to both civil actions and criminal prosecutions, as did the former statute, 28 U.S.C. § 76.

There is no official connection between the act complained of and Davidson's official duties. The mere fact that he was driving a mail truck does not present any federal question or defense under federal law.

As Judge Rice said in State of Oklahoma v. Willingham, supra, 143 F.Supp. at page 448:

"* * * There is no official connection between the acts complained of and the official duties of the mail carrier. The mere fact that the defendant was on duty and delivering mail along his route does not present any federal question or defense under federal law. The efficient operation and administration of the work of the Post Office Department does not require a carrier, while delivering mail to drive his car from a stopped position into the path of an approaching automobile. When he is charged with doing so, his defense is under state law and is not different from that of any other citizen."

It may well be commendable for the United States Attorney to give legal representation to a faithful government employee in a case of this kind. But it does not follow that the case should on the basis of that employment alone be removed from the state court and the original plaintiff deprived thereby of his choice of a forum.

■ That Davidson's answer raises a defense of release under 28 U.S.C. § 2672 does not militate toward denying the motion for I find no federal question which may not be passed upon by the state court.

It should be noted that the United States Government has not been made a party to this action.

The motion to remand will be granted. The remaining motions are accordingly not reached. An order should be submitted.