**R. G. GALBERT, Plaintiff,**

v.

**Charles S. SHIVLEY, Defendant.**

**Civ. A. No. 828.**

United States District Court
W. D. Arkansas,
Hot Springs Division.

Aug. 11, 1960.

James C. Cole, Malvern, Ark., for plaintiff.

Charles W. Atkinson, U. S. Atty., Robert E. Johnson, Asst. U. S. Atty., Fort Smith, Ark., for defendant.

JOHN E. MILLER, Chief Judge.

The plaintiff has moved to remand this case to the Circuit Court of Hot Spring County, Arkansas, whence it was removed on behalf of the defendant by the Honorable Charles W. Atkinson, United States Attorney for the Western District of Arkansas, on July 30, 1960, under Title

28 U.S.C.A. § 1442(a) (1), which provides:

"(a) A civil action * * * commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

"(1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenues."

On July 8, 1960, the plaintiff filed his complaint in the State Court against defendant in which he alleged:

"In the afternoon of February 27, 1960, plaintiff was driving his 1952 Model Chevrolet Pick-up Truck in a northerly direction on Wilson Street, which is a through street, and the defendant was driving a 1959 Model Plymouth Automobile in an easterly direction on McHenry Street, in the City of Malvern, Arkansas. McHenry Street makes a 'T' intersection with Wilson Street. As plaintiff reached said 'T' intersection, the defendant, without stopping, came out of McHenry Street and collided with the plaintiff's truck. The defendant, in the operation of his automobile, was negligent and careless (a) in failing to stop before entering the through street; (b) in failing to yield the right-of-way to traffic on the through street which was already in the intersection or so close thereto as to constitute an immediate hazard; (c) in failing to yield the right-of-way at such intersection to the vehicle on the right under the conditions and circumstances then existing; (d) in failing to keep an adequate lookout on approaching the end of McHenry at Wilson Street; (e) in failing to keep an adequate lookout on entering the intersection;

(f) in failing to have and to keep his vehicle under such control as to be able to check his speed, stop or change his course of travel and avoid the collision, under the circumstances then existing. Plaintiff was at all times in the exercise of ordinary care for his own safety."

The plaintiff prays for judgment against the defendant for $1,250.00 for personal injuries and $236.45 for property damages, together with costs.

Summons and a copy of the complaint was served upon the defendant on July 11, and, as above stated, on July 30, the defendant filed his petition to remove. In the petition for removal the defendant, inter alia, alleges:

"2. Before the commencement of this action and at all times hereinafter mentioned Charles S. Shivley, was and now is Officer in Charge of the Veterans Administration Office, Pine Bluff, Arkansas.

"3. At all times mentioned in this action, petitioner was acting solely under color of his office driving a car owned by the United States of America for the purpose of making property inspections in Malvern, Arkansas, for the loan guaranty division of the Veterans Administration and all his acts in connection with the matters charged in the Complaint were committed by him under color of his said office."

The petition was duly verified by the defendant.

In the motion to remand the plaintiff alleges that there are no issues under the pleadings as to any acts of the defendant as an officer or under color of office within the meaning of Title 28 U.S.C. § 1442 (a) (1), and that the defendant was at no time, with respect to the acts upon which the plaintiff bases his cause of action, acting as an officer or under color of office within the meaning of said section.

The plaintiff further alleges that the suit filed by him in the State Circuit Court is one against the defendant, in-

dividually, "for his individual acts of negligence and not one against Charles S. Shivley, as Federal Officer in charge of the Veterans Administration Office, Pine Bluff, Arkansas or any other capacity."

In his brief in support of the motion to remand, the plaintiff contends that the defendant was not an officer of the United States, that he was an administrator appointed under the rules pertinent to employment by the Veterans Administration, but that even if the defendant was an officer of the United States the negligent acts charged by plaintiff were not done by defendant under color of office within the meaning of the statute.

The defendant contends that the petition for removal alleges that all acts done by defendant were under the color of his office and that jurisdiction of the court in a removed case of this type depends upon the allegations of the verified petition for removal, and that, since the petition sets out the reason for removal within the language of the statute, the case should not be remanded upon the unverified motion of the plaintiff.

The motion to remand is not verified by the plaintiff, but is verified by the attorney for the plaintiff. Rule 11, Federal Rules of Civil Procedure, 28 U. S.C.A., provides that every pleading shall be signed by a least one attorney of record in his individual name, and, except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit. "The signature of an attorney constitutes a certificate by him that he has read the pleading; that to the best of his knowledge, information, and belief there is

good ground to support it; and that it is not interposed for delay."

The parties in support of the petition for removal and the motion to remand have filed written briefs in which they have reviewed various decisions which in their opinions support their respective contentions.[1] The court has read the various decisions relied upon by the parties, and in addition thereto has independently examined various other decisions in an effort to determine whether the motion to remand should be granted.

The court agrees with the United States Attorney in his statement that decisions under this section (28 U.S.C.A. § 1442(a) (1)) leave much to be desired in respect to uniformity of interpretation as applied to the instant case.

In Moore's Commentary on the U. S. Judicial Code, Section 0.03(38), page 255, the author states:

"The defendant in his petition must be 'candid, specific and positive' in his allegations of fact to show that he was acting 'under color of his office * * * or on account of any right, title, or authority claimed by such officer or other person under any such law,' when he did the act for which he is being sued or prosecuted. And the mere conclusion of the petitioner that he was acting 'under the color of office' is insufficient."

Under the allegations of the petition for removal there can be no dispute but that the defendant was and is an officer of an agency of the United States, and, therefore, if the acts charged against him were done under color of such office, the motion to remand should be denied. Actually, the only facts estab-

1. The plaintiff cites and relies upon the provisions of Title 28 U.S.C. § 1442(a) (1), and Fink v. Gerrish, D.C.S.D.N.Y. 1957, 149 F.Supp. 915; State of Oklahoma v. Willingham, D.C.E.D.Okl.1956, 143 F.Supp. 445.

The defendant relies upon the statute above cited and the cases of De Busk v. Harvin et al., 5 Cir., 1954, 212 F.2d 143; Gregoire v. Biddle et al., 2 Cir., 1949, 177 F.2d 579; Pepper v. Sherrill, D.C.E.D. Tenn.1958, 181 F.Supp. 40; Goldfarb v. Muller, D.C.D.N.J.1959, 181 F.Supp. 41; Gay v. Ruff, 1934, 292 U.S. 25, 54 S.Ct. 608, 78 L.Ed. 1099; Commonwealth of Virginia v. Paul, 1893, 148 U.S. 107, 13 S.Ct. 536, 37 L.Ed. 386; and Brann et al. v. McBurnett et al., D.C.E.D.Ark. 1939, 29 F.Supp. 188.

lished by the petition for removal are that the defendant "was and now is Officer in Charge of the Veterans Administration Office, Pine Bluff, Arkansas," and that at the time of the collision between the automobile being driven by the defendant with the truck being driven by plaintiff the defendant was "driving a car owned by the United States of America for the purpose of making property inspections in Malvern, Arkansas, for the loan guaranty division of the Veterans Administration * * *."

Of course, it is further alleged in the petition for removal that the acts committed by the defendant were under color of his said office, but such allegation is a mere conclusion of law and, in the opinion of the court, the admitted facts do not justify such a conclusion.

The only Arkansas case that the parties have called to the attention of the court or which the court has been able to find is the case of Brann et al. v. McBurnett et al., D.C.E.D.Ark.1939, 29 F. Supp. 188. The removal in that case was based upon what is now Section 1442 (a) (3). The removing defendants were Deputy United States Marshals of the United States District Court for the Eastern District of Arkansas and were engaged in transporting prisoners that had been sentenced by said Court to the United States Penitentiary at Leavenworth, Kansas. Clearly, they were actually engaged in an act at the time under the color of their office. It should be borne in mind that this subsection provides for removal by "any officer of the courts of the United States, for any Act under color of office or in the performance of his duties," while Section 1442(a) (1) provides for removal of a case by "any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office."

Thus, it may be admitted that the defendant was in the performance of his duties, that is, he was driving to a place where he would engage in acts "under color of office." Goldfarb v. Muller, D.C. D.N.J., 181 F.Supp. 41, 44.

Under the facts alleged in the petition for removal, the court must determine whether the defendant was acting under color of his office or on account of any right, title or authority claimed under any Act of Congress. The test for removal under Section 1442(a) (1) is not whether the Government employee was acting in the performance of his duties but rather whether the act complained of was under color of such office or of any right, title or authority claimed under any Act of Congress. The fact that the defendant was driving an automobile owned by the United States of America to a place where he expected to perform some act under the color of his office does not authorize the removal of the case because the mere performance of his duty to drive from one place of business to another place of business was not an act done under color of office. See, Fink v. Gerrish, D.C.S.D.N.Y., 149 F.Supp. 915; Christiansen v. Witte, D.C.D.Or.1959, 175 F.Supp. 759.

For a decision of a State court, see, Usrey v. Yarnell, 181 Ark. 804, 27 S.W. 2d 988.

Therefore, the record does not show that at the time of the collision of the automobile of the defendant and the truck of the plaintiff the defendant was doing any act under color of office, and, therefore, the case was improperly removed and the motion to remand should be granted.

An order granting the motion to remand and remanding the case to the Circuit Court of Hot Spring County, Arkansas, whence it was removed, is being entered today.