938

Lula A. McGLASSON, Plaintiff,
v.
Ray BARGER et al., Defendants.
Civ. A. No. 8023.

United States District Court
D. Colorado.

July 15, 1963.

Truman E. Coles, Denver, Colo., for plaintiff.

Lawrence M. Henry, U. S. Atty., and Michael C. Villano, Asst. U. S. Atty., Denver, Colo., for defendants.

ARRAJ, Chief Judge.

This matter is before the Court on plaintiff's motion to remand.

Plaintiff brought this action in the District Court in and for the City and County of Denver, State of Colorado on May 3, 1963, seeking damages against defendants, jointly and severally, in the amounts of $13,000.00 for special damages, $500,000.00 for general damages and $240,000.00 for punitive damages; plaintiff further requests that body execution issue against each of the defendants.

The complaint filed in the State Court alleged that defendants "maliciously, illegally, unlawfully and fraudulently and without justification, by common design and purpose, caused plaintiff to be discharged from her employment with the United States Government at the Air Force Accounting and Finance Center, Denver, Colorado." The averments of the complaint further allege that defendants "were acting in their capacities as individuals and private citizens, and not either as employees or agents of the United States Government, or, within any scope or apparent scope of any authority or duties held by any of them by virtue of any employment or agency relationship with the United States Government."

A timely petition was filed by defendants, represented by the United States Attorney for this district, for removal to this Court pursuant to Title 28 of the United States Code § 1442(a) (1), which reads in part as follows:

"(a) A civil action or criminal prosecution commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

"(1) Any officer of the United States or any agency thereof, or

person acting under him, for any act under color of such office * *."

In support of their argument that the petition for removal alleges sufficient jurisdictional facts, defendants look to that portion of the petition which states "that at all times mentioned in plaintiff's complaint the petitioners (defendants) were acting as officers or employees of an agency of the United States or were acting under the direction of an officer of an agency of the United States." The United States Attorney further sought to introduce affidavits of most of the defendants at the hearing on this matter, apparently in an effort to affirmatively show that each of the defendants, when the alleged acts occurred, were at all times acting under color of authority.

Plaintiff, though, maintains that such an allegation is insufficient to establish this Court's jurisdiction over the subject matter and, therefore, should be remanded to the State court. Plaintiff also contends that the defendants should not be permitted to submit affidavits at the hearing in an effort to establish the Court's jurisdiction on removal. We agree with plaintiff's contentions.

In Galbert v. Shivley, D.C.W.D.Ark. 1960, 186 F.Supp. 150, 153, the test for removal under Section 1442(a) (1) was said to be "not whether the Government employee was acting in the performance of his duties but rather whether the act complained of was under color of such office or of any right, title or authority claimed under any Act of congress." In determining what allegations are sufficient to afford federal jurisdiction on removal, the Court in Galbert v. Shivley, at page 152, quoted from Moore's Commentary on the U. S. Judicial Code, Section 0.03(38), as follows:

" 'The defendant in his petition must be "candid, specific and positive" in his allegations of fact to show that he was acting "under color of his office * * * or on account of any right, title, or authority claimed by such officer or other person under any such law," when he did the act

for which he is being sued or prosecuted. * * *' "

Compare Ex parte Dierks, D.C.Colo.1932, 55 F.2d 371; see 1A Moore's Federal Practice Para. 0.164(2), pp. 830, 831.

■■ In the instant case there are no averments in the petition for removal pertaining to "color of office" as such. Rather, the only specific facts alleged indicate that the defendants were acting as officers or employees, or under the direction of an officer, of an agency of the United States. In essence, it is the scope or course of employment that appears to be the mere alleged conclusion which is intended to be the underlying basis for federal jurisdiction on removal under Section 1442(a) (1). But in this regard, Circuit Judge Goodrich, in Ebersole v. Helm, D.C.E.D.Pa.1960, 185 F. Supp. 277, 278, said:

"No doubt he (postal truck driver) may well have been within the scope and course of his employment when this accident occurred. But to make scope and course of employment the test for 'color of office' is, it is thought, to twist the statute out of its rational construction and go far beyond anything the Congress could possibly have intended in its enactment." (Parenthesis supplied.)

See also Goldfarb v. Muller, D.C.N.J. 1959, 181 F.Supp. 41. It is the conclusion of this Court that defendants have not alleged sufficient facts in their petition for removal to establish a "causal connection" between the acts complained of in the complaint and the official duties of these defendants. See 1A Moore's Federal Practice Para. 0.164(2), p. 834.

A similar result was reached recently in Brenner v. Kelly, D.C.Minn.1962, 201 F.Supp. 871, wherein suit was brought for assault and battery and trespass upon the person of the plaintiff by surgeons employed in a Veterans Administration hospital. In granting the motion to remand the case to the State court, the Court, at 872 through 874, said:

"There is, of course, a complete absence of any facts in this petition

which would justify a finding that these defendants did that which they are charged with doing under color of their office as employees of the Veterans Administration. In other words, there is no affirmative showing that the acts with which they are charged were done by virtue of any Federal authority or within its ambit. Moreover, there is no showing that there is any official connection between that which they allegedly did and the authority vested in them as officers of the United States. There is no claim of right under Federal authority. In performing acts under color of office, the acts must come within the scope of the necessary incidents of the defendants' duties as officers of the United States. * * * In other words, the defendants are not contending that they were ostensibly acting in accordance with the duties of their official positions. It is not suggested here in the petition for removal or otherwise that the alleged malpractice was predicated on any Federal right or authority. No Federal defense or question under Federal law is presented. See State of Tennessee v. Davis, 100 U.S. 257, 25 L.Ed. 648.

\* \* \* \* \* \*

"The history of the origin of this statute with its subsequent amendments, State of Maryland v. Soper, supra [270 U.S. 9, 46 S.Ct. 185, 70 L.Ed. 449], Gay v. Ruff, 292 U.S. 25, 54 S.Ct. 608, 78 L.Ed. 1099, Goldfarb v. Muller, supra, and State of Oklahoma v. Willingham, D.C., 143 F. Supp. 445, indicates that Congress intended that unless an officer of the United States can justify that which he did by reason of some official connection between the acts complained of and his official duties, the proceeding is not removable. There is no contention in this petition for removal that the alleged negligent acts, if any, were performed within the scope of the Federal duties imposed upon the defendants as government employees. Under these circumstances, therefore, the defendants should be relegated to the same status in our Courts as would befall a private medical practitioner when charged with malpractice. No one suggests that the State Courts will not afford these defendants as officers of the United States the same fair and impartial trial as would be accorded to a private practitioner."

The Court is aware of the ruling in DeBusk v. Harvin, 5 Cir., 1954, 212 F.2d 143, wherein a suit to recover damages for alleged malicious acts of the defendants therein, employees of the Veterans Administration, resulting in the discharge of the plaintiff from his employment in that agency, was removed to a federal court. The plaintiff's motion to remand and motion to quash the defendant's amended petition for removal were denied by the federal district court and the ruling was affirmed on appeal. But DeBusk v. Harvin is distinguishable from the instant case, for the uncontroverted affidavits, apparently properly filed therein with the amended petition for removal, specified in great detail the manner in which the acts complained of by the plaintiff were related to the authorized duties of the defendants. Similarly, in the case relied upon by defendants, Poss v. Lieberman, 2 Cir., 1962, 299 F.2d 358, there were apparently sufficient facts alleged in the removal petition to indicate that the acts complained of by the plaintiff therein were substantially related to the federal right asserted by the defendant, under "color of his office."

Here, any basis for federal jurisdiction under Section 1442(a) (1) is expressly denied in the complaint and no factual allegations to support jurisdiction appear in the petition for removal. Furthermore, the Court cannot look to the affidavits filed at the hearing on this matter for a factual basis upon which removal may rest since, in essence, they are an effort to amend the petition for removal beyond the twenty day period

within which removal must be effected under the provisions of 28 U.S.C. § 1446. In this regard, this Court, in Hernandez v. Watson Bros. Transportation Co., D.C. Colo.1958, 165 F.Supp. 720, 722, said:

"The present rule apparently is that the petition can be freely amended until the time passes when removal could have been effected, but that after that time it can be amended only to state more specifically the ground for removal already imperfectly stated.

\* \* \* \* \* \*

"In White v. Sullivan, D.C.Colo. 1952, 107 F.Supp. 959, the petition alleged plaintiff's citizenship but not the defendant's. Defendant wanted to amend. Judge Knous, in his opinion, said,

" 'Under this section (28 U.S.C.A. Sec. 1446) and its predecessors, which also imposed a strict time limit on removal of causes from state to federal courts, it consistently has been held that a petition for removal may not be amended to supply jurisdictional averments that have been lacking, after the time in which removal could be effected had terminated. (Citing cases) None of the authorities cited by the defendant contravenes this rule. True, amendments have been permitted to set forth in more accurate and specific form the ground of removal already imperfectly stated and alleged in the original petition. Kinney v. Columbia Savings & Loan Association, 191 U.S. 78, 24 S.Ct. 30, 48 L.Ed. 103. Such obviously is not the situation here.' Therefore, the motion to amend the petition for removal was denied."

We conclude, therefore, that the complaint and the petition for removal in the instant case failed to establish sufficient jurisdictional facts, dealing with color of authority, to support removal under Section 1442(a) (1); hence, the Court did not acquire jurisdiction over the subject matter when this action was removed from the State court. And since no amendments of the petition for removal nor filing of affidavits, to demonstrate that a sufficient basis for jurisdiction existed, were made within the time limitation for effecting removal, the right to removal cannot be asserted on the basis of affidavits filed thereafter at the hearing on this matter. It is therefore

Ordered that plaintiff's motion to remand this action to the District Court in and for the City and County of Denver, State of Colorado, be, and the same is hereby, granted, and the said action is remanded in its entirety to said court.