Nicholas NASUTI, Plaintiff, Appellee,

v.

James SCANNELL,
Defendant, Appellant.

No. 85–1820.

United States Court of Appeals,
First Circuit.

Argued March 7, 1986.

Decided June 4, 1986.

Brent O. Hatch with whom William Kanter, Richard K. Willard, Asst. Atty. Gen., Washington, D.C., and William F. Weld,

U.S. Atty., Boston, Mass., were on brief, for defendant, appellant.

Burton A. Nadler with whom Petrucelly & Nadler, P.C., Boston, Mass., was on brief, for plaintiff, appellee.

Before CAMPBELL, Chief Judge, TORRUELLA, Circuit Judge, and PETTINE,* Senior District Judge.

LEVIN H. CAMPBELL, Chief Judge.

The question before us is whether this court is empowered to review a district court's order remanding part of a case that had been removed from a state court pursuant to the Federal Drivers Act. We conclude that, under the present circumstances, we are not so empowered. Accordingly, we dismiss the appeal and deny the petition for writ of mandamus.

## I.

The Federal Drivers Act, 28 U.S.C. § 2679(b)–(e) (1982), has the effect of immunizing federal employees from claims against them personally arising out of motor vehicle accidents occurring within the scope of their employment.[1] Under the Act, the exclusive remedy for property damage, personal injury or death resulting from the operation of a motor vehicle by a federal government employee *"while acting within the scope of his office or employment"* (emphasis added) is an action against the United States in federal court under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.* (1982). If such a federal employee is sued in a state court, the action is removable to the United States district court upon certification by the Attorney General that the employee "was acting within the scope of his employment at the time of the accident out of which the suit arose." 28 U.S.C. § 2679(d) (1982). Upon removal, the suit is deemed one against the United States rather than against the individual. Should, however, the district court determine upon motion before trial that the removed case is one in which there does not exist a Federal Tort Claims Act remedy against the United States, the case must be remanded to the state court. 28 U.S.C. § 2679(d).

In the present case, plaintiff-appellee Nicholas Nasuti, a janitorial employee of the National Park Service in Massachusetts, sustained back injuries while riding in the back of a pickup truck driven during working hours by a fellow employee, defendant-appellant James Scannell. Nasuti filed a personal negligence action against Scannell in Massachusetts Superior Court. Pursuant to the Federal Drivers Act, the Attorney General certified that the defendant, Scannell, was acting within the scope of his employment as a federal driver when the injuries to Nasuti occurred, and removed the case to the United States District Court for the District of Massachusetts. Once in the district court, the Unit-

---

* Of the District of Rhode Island, sitting by designation.

1. The Federal Drivers Act provides in pertinent part:

(b) The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property or personal injury or death, resulting from the operation by any employee of the Government of any motor vehicle while acting within the scope of his office or employment, shall hereafter be exclusive of any other civil action or proceeding by reason of the same subject matter against the employee or his estate whose act or omission gave rise to the claim.

....

(d) Upon a certification by the Attorney General that the defendant employee was acting within the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place wherein it is pending and the proceedings deemed a tort action against the United States under the provisions of this title and all references thereto. Should a United States district court determine on a hearing on a motion to remand held before a trial on the merits that the case so removed is one in which a remedy by suit within the meaning of subsection (b) of this section is not available against the United States, the case shall be remanded to the State court.
28 U.S.C. § 2679 (1982).

ed States moved to dismiss, on the ground that the plaintiff, Nasuti, being himself a federal employee, was restricted to the compensation remedy against the United States provided by the Federal Employees' Compensation Act, 5 U.S.C. § 8116(c) (1982).[2] At this juncture, Nasuti amended his complaint to include claims of assault and battery, torts not cognizable under the Federal Tort Claims Act. 28 U.S.C. § 2680(h) (1982).

■■■ The district court dismissed the negligence action, as requested by the government. However, it remanded to the Massachusetts state court plaintiff's new claim alleging reckless and intentional acts committed by defendant. Upon motion of the United States, the district court stayed execution of its remand order, and referred that issue to a magistrate. After a hearing, the magistrate found that Nasuti had alleged facts sufficient to make out a claim for assault and battery under Massachusetts law. He also concluded that, under *Miller v. Federated Department Stores,* 364 Mass. 340, 304 N.E.2d 573 (1973), if such an assault and battery occurred, it was necessarily outside the scope of Scannell's employment.[3] Since the United States is only liable for torts committed by federal drivers in the scope of their employment, the magistrate held that the assault

and battery claim was "one in which a remedy by suit ... is not available against the United States." 28 U.S.C. § 2679(d). Accordingly, he recommended that the stay be vacated and the claim for assault and battery be remanded to the state court. Following the magistrate's recommendation, the district court remanded that claim.

Scannell, represented by attorneys for the United States, filed the instant appeal, which he denominates both as an appeal and a petition for writ of mandamus, seeking to have us overturn the district court's order. He maintains that the district court failed to follow the dictates of section 2679 when it went no further than to decide that, if the alleged assault and battery were committed, it must necessarily have been outside the scope of employment. He contends that the court was required to determine specifically whether Scannell's activities were or were not within the scope of his employment, even though to do so would involve deciding whether, under state law, an assault and battery had actually occurred.

## II.

Even supposing that Scannell's arguments have merit (a question that we do not decide), we would be barred from reaching them. It is well established that,

---

**2.** Under Federal Employees' Compensation Act section 8116(c),

> [t]he liability of the United States or an instrumentality thereof under this subchapter or any extension thereof with respect to the injury or death of an employee is exclusive and instead of all other liability of the United States or the instrumentality to the employee, his legal representative, spouse, dependents, next of kin, and any other person otherwise entitled to recover damages from the United States or the instrumentality because of the injury or death in a direct judicial proceeding, in a civil action, or in admiralty, or by an administrative or judicial proceeding under a workmen's compensation statute or under a Federal tort liability statute ....

The fact that a plaintiff may have no further remedy against the United States due to the exclusivity provisions of the FECA will not warrant remand of the case under section 2679(d) of the Federal Drivers Act on the ground that "a remedy by suit ... is not available against the United States." The remand provision applies

only where the federal driver is found to have been acting outside the scope of his or her employment at the time of the accident. *Van Houten v. Ralls,* 411 F.2d 940 (9th Cir.), *cert. denied,* 396 U.S. 962, 90 S.Ct. 436, 24 L.Ed.2d 426 (1969); *Vantrease v. United States,* 400 F.2d 853 (6th Cir.1968).

**3.** The scope of employment issue is to be determined based on the law of the state of the accident. *See Williams v. United States,* 350 U.S. 857, 76 S.Ct. 100, 100 L.Ed. 761 (1955) (per curiam), *vacating* 215 F.2d 800 (9th Cir.1954); *Wilkinson v. Gray,* 523 F.Supp. 372, 374 (E.D.Va. 1981); *aff'd,* 677 F.2d 998 (4th Cir.), *cert. denied,* 459 U.S. 906, 103 S.Ct. 209, 74 L.Ed.2d 167 (1982). The court makes its own determination as to whether the federal employee was acting within the scope of his or her employment, and is *not* bound by the certification of the Attorney General. *Seiden v. United States,* 537 F.2d 867, 870 (6th Cir.1976).

as a general matter, remand orders are not reviewable. This rule is stated in 28 U.S.C. § 1447 (1982), which provides, in pertinent part, as follows:

(a) In any case removed from a State court, the district court may issue all necessary orders and process to bring before it all proper parties whether served by process issued by the State court or otherwise.

. . . .

(c) If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case

. . . .

(d) An order remanding a case to the State court from which it is removed is not reviewable on appeal or otherwise

. . . .

In *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976), the Supreme Court indicated that the bar on review in section 1447(d) applies only to remand orders "issued under § 1447(c) and invoking the grounds specified therein—that removal was improvident and without jurisdiction[.]" *Id.* at 346, 96 S.Ct. at 590. Scannell contends that the remand order in the present case was made pursuant to the specific removal and remand provisions in the Federal Drivers Act, 28 U.S.C. § 2679(d), and not pursuant to section 1447(c); therefore, he claims, the bar on review contained in section 1447(d) does not apply. He concludes that since there is no provision within the terms of the Federal Drivers Act itself barring review, review of the district court order should be available, either by appeal or mandamus.

■ But even apart from the bar on review in section 1447(d), we question whether Scannell would have a right to *appeal* from the district court's order: ordinarily, an order remanding a case to the

state court is considered interlocutory, and does not fall within this court's appellate jurisdiction over the final orders of district courts. *See United States v. Rice*, 327 U.S. 742, 748, 66 S.Ct. 835, 837, 90 L.Ed. 982 (1948); *Railroad Co. v. Wiswall*, 90 U.S. (23 Wall.) 507, 508, 23 L.Ed. 103 (1874).

Further, we believe that section 1447 is, in fact, applicable here and that the bar in clause (d) expressly prohibits our review of the district court's order. Section 1447 refers to "*any* case removed from a State court" (emphasis added), and does not by its terms limit itself to cases removed under provisions currently codified in the general removal statute, 28 U.S.C. §§ 1441–1452 (1982). The section has historically been construed broadly as applying to all cases removed from the state courts. *See, e.g., Employers Corp. v. Bryant*, 299 U.S. 374, 381, 57 S.Ct. 273, 276–77, 81 L.Ed. 289 (1937); *Morey v. Lockhart*, 123 U.S. 56, 58, 8 S.Ct. 65, 66, 31 L.Ed. 68 (1887). This point was emphasized in *United States v. Rice*, 327 U.S. 742, 66 S.Ct. 835, 90 L.Ed. 982 (1946), in which the Supreme Court considered and rejected an argument quite similar to that made by Scannell in the present case.

In *Rice*, the United States had removed an action from state court pursuant to specific statutory authorization in section 3 of the Act of April 12, 1926, ch. 115, 44 Stat. 239.[4] The district court subsequently remanded the case to the state court. The United States petitioned for a writ of mandamus seeking to vacate the remand order. The Tenth Circuit certified the question to the Supreme Court, asking whether the judgment of remand was reviewable by mandamus.

The pivotal issue in resolving the question was essentially the same issue before us here: whether the general remand provisions of the Act of 1887, a predecessor to

---

**4.** The 1926 Act governed land titles involving members of the "Five Civilized Tribes" of Oklahoma. Section 3 provided in part that,

the United States may be, and hereby is, given the right to remove any such suit pending in a

State court to the United States district court by filing in such suit in the State court a petition for the removal of such suit into the said United States district court . . . .

section 1447, applied when removal was effected under a completely separate statute. If so, then review of the remand order was barred by the predecessor to section 1447(d). After considering the legislative history of the general remand provision, the Court concluded that the mere fact that the 1926 Act contained specific removal provisions did not, without more, place review of an order of remand in a case involving that statute "on any different footing" than if the order had been explicitly issued pursuant to the general remand provision. *Rice*, 327 U.S. at 749, 66 S.Ct. at 838. The bar against review, stated the Court, was "intended to be applicable not only to remand orders made in suits removed under the Act of 1887, but to orders of remand made in cases removed

under any other statutes, as well." *Id.* at 752, 66 S.Ct. at 839. The Court emphasized that the general statute "explicitly withdrew the right of appeal and writ of error ... in *all cases* removed from state courts under *any statute* authorizing removal." *Id.* at 751, 66 S.Ct. at 839 (emphasis added).[5]

Scannell has offered no reasons why remand under the Federal Drivers Act should be treated any differently from the way remand under the 1926 Act was treated in *Rice*. Absent some clear evidence of congressional intent to the contrary,[6] we will not assume that Congress intended to exempt the Federal Drivers Act from the established rule that remand orders are not reviewable by appellate courts.[7]

---

5. Currently, 28 U.S.C. § 1441 permits removal of any civil action over which the district courts of the United States have original jurisdiction. While this is the standard removal provision, there are a number of other bases for removal. *See, e.g.,* the provisions for removal of cases involving medical malpractice claims against members of the armed services, 10 U.S.C. § 1089 (1982 & Supp.1984); State Department employees, 22 U.S.C. § 2702 (1982); Department of Medicine and Surgery employees, 38 U.S.C. § 4116 (1982); Public Health Service employees, 42 U.S.C. § 233 (1982); and NASA employees, 42 U.S.C. § 2458a (1982). *See also* 28 U.S.C. § 1442 (permitting removal of suits against federal officers); § 1442a (members of armed forces); § 1444 (foreclosure actions against United States); and the statutes cited in note 6, *infra.*

6. Where Congress has intended to provide for appellate review of remand orders, it has made that intention clear. Section 1447(d) itself provides that cases removed pursuant to section 1443, governing civil rights cases, "*shall* be reviewable by appeal or otherwise." (Emphasis added.) In addition, after the *Rice* case Congress specifically provided for appellate review of cases involving the Five Civilized Tribes of Oklahoma. Act of Aug. 4, 1947, ch. 458, § 3(c), 61 Stat. 732. *See* legislative history note to section 1447, United States Code (1982 ed.), at 264. Similar exceptions are provided for review of a remand order in cases affecting land of the Spokane Tribe, 25 U.S.C. § 487(d) (1982); the Swinomish Indian Tribal Community, 25 U.S.C. § 610c (1982); the Hopi Indian Industrial Park of Arizona, 25 U.S.C. § 642(b) (1982); and the Southern Ute Tribe of Colorado, 25 U.S.C. § 670 (1982).

In refusing to infer from silence that Congress intended to permit review of remand orders

under the Federal Drivers Act, we follow the *Rice* Court, which observed:

Congress, in enacting the 1926 Act, not only failed to include in it any provision modifying what had been for forty years the established practice of denying review of orders remanding causes removed from state courts, but it must be taken to have been aware of the universality of that practice, and to have been content that, as established by the 1887 Act, it should apply to cases removed under the 1926 Act.

*Rice,* 327 U.S. at 752, 66 S.Ct. at 839.

7. The view that remand under the Federal Drivers Act is to be treated like remand under the general removal statute is supported by the observation of several commentators that the Federal Drivers Act is essentially a clarification and extension of 28 U.S.C. § 1442(a), which provides for removal of actions against federal officers acting "under color of such office," and is unquestionably governed by sections 1447(c) and (d). *See, e.g.,* C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 3727, at 451–52 (2d ed. 1985); P. Bator, P. Mishkin, D. Shapiro & H. Wechsler, *Hart & Wechsler's The Federal Courts & The Federal System* 1337 (2d ed. 1973). Prior to enactment of the Federal Drivers Act in 1961, the district courts were split as to whether negligent driving by a government employee should be considered an act performed "under color of such office," thus warranting removal under section 1442(a). *Contrast Pepper v. Sherrill,* 181 F.Supp. 40, 41 (E.D.Tenn.1958) (permitting removal) and *Brann v. McBurnett,* 29 F.Supp. 188, 189–90 (E.D.Ark.1939) (permitting removal) *with Galbert v. Shivley,* 186 F.Supp. 150, 152–53 (W.D.Ark.1960) (ordering remand to state court) and *Goldfarb v. Muller,* 181 F.Supp. 41, 43–47 (D.N.J.1958) (ordering remand).

### III.

Scannell argues that even if section 1447(d) applies to this case, review by mandamus should be permitted because the case fits within the very narrow exception to the rule against review of remand orders set forth in *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976). In that case, the district court ordered remand solely because its docket was crowded, despite the fact that the removal itself was entirely proper and the jurisdiction of the court was unquestioned. The Supreme Court held that under these extreme circumstances, an appellate court had the power "to correct a district court that has not merely erred in applying the requisite provision for remand but has remanded a case on grounds not specified in the statute and not touching the propriety of the removal." *Id.* at 352, 96 S.Ct. at 593. Thus, if the district court does not even consider the grounds for remand mandated by section 1447(c)—*i.e.*, that "the case was removed improvidently and without jurisdiction"—review by petition for mandamus may be appropriate. The Court reiterated, however, that where the district court in fact invokes the factors set forth in section 1447(c) its remand order is unreviewable by appeal, by mandamus, or otherwise, "whether or not that order might be deemed erroneous by an appellate court." *Id.* at 351, 96 S.Ct. at 593. *See also Gravitt v. Southwestern Bell Telephone Co.*, 430 U.S. 723, 97 S.Ct. 1439, 52 L.Ed.2d 1 (1977).

In the present case, the district court clearly did not disregard the statutory directives. Under the Federal Drivers Act, if an employee was not acting within the scope of his employment at the time of the accident, the claim against him is ineligible for removal and is one over which the district court is "without jurisdiction." 28 U.S.C. § 1447(c). The 15-page magistrate's recommendation, adopted by the district court, focused precisely on the scope of employment issue, concluding in respect to the alleged assault and battery that the plaintiff had no "remedy by suit" on that claim against the United States in the federal district court under 28 U.S.C. § 2679(b), and ordering remand to the state court for that reason.

Even assuming arguendo that the district court's conclusion was somehow in error, we are without power to review its order. Since the district court invoked the statutorily defined factors, the narrow *Thermtron* exception is not applicable, and we must follow the plain language of section 1447(d) that the district court's remand order is "not reviewable on appeal or otherwise." We are without jurisdiction to review the order of the district court, whether on appeal or on petition for mandamus.

*The appeal is dismissed and, if treated as a petition for writ of mandamus, is denied.*